**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2264-24

ROBERT MAGEE,

     Plaintiff-Appellant,

v.

BARBARA OBREZA and
JOHN OBREZA,

     Defendants-Respondents.

_____

Argued December 17, 2025 – Decided April 7, 2026

Before Judges Mayer, Gummer, and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0613-23.

Jeremy M. Weitz argued the cause for appellant (Spear Greenfield Richman Weitz & Taggart PC, attorneys; Jeremy M. Weitz, on the briefs).

Nishi Patel (Law Office of Alphonso H. Ibrahim) argued the cause for respondents.

PER CURIAM

     Plaintiff Robert Magee appeals the trial court's orders granting summary

judgment in favor of defendants John and Barbara Obreza and denying plaintiff's motions for attorney's fees and reconsideration. We affirm.

I.

In October 2021, plaintiff and defendants were involved in a car accident in Cherry Hill, from which plaintiff claims to have suffered injuries.

In February 2023, plaintiff filed a complaint identifying himself as "a citizen and resident of the Township of Evesham, County of Burlington, State of New Jersey." In both the complaint and answers to interrogatories, plaintiff further attested he was a resident of Marlton as of July 2023.

Plaintiff had divided his time between his home in Marlton and his Florida residence, permanently moving to Florida on November 30, 2023. He testified during his deposition that, at the time of the accident, his primary residence was Marlton. Plaintiff's vehicle, a Mercedes S500, was registered in Florida and insured under a Florida Allstate policy.

On January 23, 2025, defendants moved for summary judgment under New Jersey's "No-Pay, No Play" statute, N.J.S.A. 39:6A-4.5. They argued because the facts showed plaintiff was a New Jersey resident who did not maintain auto insurance in New Jersey, he was barred from bringing a claim. Plaintiff's counsel filed a brief in opposition to the motion but plaintiff did not

submit a certification.

The court heard argument on February 28, 2025. In an oral decision the same day, the judge found defendants had provided "numerous examples between '2[1] and '23 where [plaintiff] completely holds out his residence to be in Marlton." By contrast, plaintiff provided "no certification . . . as to exactly how much time he spends" in his Florida home.

Seasonal, by definition . . . is three months.

. . . .

And in reply we just have a statement by an attorney that this is a seasonal residence. That is not enough here to give me any facts to dispute the fact that the vehicle was principally garaged, and by ["]principally garaged[,"] we're talking about the physical location where [the car] is primarily kept.

And that's . . . evidenc[ed] by the fact [that] every time between '21 and '23 he was asked a question about where he lives he gives the Marlton address.

The judge granted defendants' motion and denied plaintiff's cross-motion for costs and fees, observing "since [defendants'] motion was granted, [it] certainly [wa]s not frivolous." The court entered orders that day memorializing its decision.

In moving for reconsideration, plaintiff submitted a certification not provided at the time of defendant's motion. Plaintiff certified that, in contrast

3 <span>A-2264-24</span>

to his residency, the Mercedes was principally garaged and operated in Florida more often than in New Jersey. He certified this circumstance created a genuine dispute of material fact regarding where the vehicle was principally garaged under N.J.S.A. 39:6A-4.5(a). It further entitled plaintiff to so-called "deemer" statute benefits, rendering summary judgment inappropriate. N.J.S.A. 17:28-1.4.[1]

The judge heard argument on March 28, 2025. He denied the motion, reiterating his initial ruling, where he had pointed to uncontested facts in the record establishing the vehicle was principally garaged in New Jersey. The judge observed the post-motion certification to the contrary could have been—but was not—submitted with plaintiff's initial application and therefore was not properly offered on reconsideration. The court entered an order that day denying the motion.

Plaintiff timely appealed. First, he argues N.J.S.A. 39:6A-4.5(a) applies only to automobiles "registered and/or principally garaged in the State of New Jersey," regardless of the owner's residency. Second, he contends the trial judge

---

[1] "The deemer statute's purpose, generally stated, is to ensure that New Jersey residents injured as a result of an accident with an out-of-state vehicle will have recourse to policies of insurance that are at least as broad as the presumptive minimal limits of a New Jersey insurance policy." Felix v. Richards, 241 N.J. 169, 173 (2020).

erred in granting summary judgment by misapplying the relevant statutes to the facts and incorrectly applying the summary-judgment standard governing the burden of proof. Third, he asserts the judge erred in declining to consider plaintiff's supplemental certification submitted in support of reconsideration. Last, plaintiff claims he is entitled to costs pursuant to Rule 1:4-8, regardless of the outcome of the summary-judgment motion.

II.

Summary Judgment

Rule 4:46 governs summary-judgment actions. Viewing all facts and inferences in a light most favorable to the non-movant, summary judgment is appropriate if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. R. 4:46-2(c). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid.

A court must inquire "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Brill v. Guardian Life Ins. Co. of Am.,

142 N.J. 520, 523 (1995) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Ibid.</u> (quoting <u>Anderson</u>, 477 U.S. at 252). The court's inquiry is "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." <u>Ibid.</u> (quoting <u>Anderson</u>, 477 U.S. at 252).

We review de novo a grant of summary judgment. <u>Woytas v. Greenwood Tree Experts, Inc.</u>, 237 N.J. 501, 511 (2019). "[S]ummary judgment should be granted 'when the pleadings, depositions, answers to interrogatories and admissions on file show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" <u>Ibid.</u> (internal quotation marks omitted) (quoting <u>Brill</u>, 142 N.J. at 528-29).

We apply these principles to the statute in question. "No Pay, No Play" requires all New Jersey residents whose vehicle is principally garaged in the state to maintain New Jersey automobile insurance. In relevant part, the statute provides:

> a. Any person who, at the time of an automobile accident resulting in injuries to that person, is required

but fails to maintain medical expense benefits coverage mandated by section 4 of P.L.1972, c.70 (C.39:6A-4), section 4 of P.L.1998, c.21 (C.39:6A-3.1) or section 45 of P.L.2003, c.89 (C.39:6A-3.3) shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.

b. Any person who is convicted of, or pleads guilty to, operating a motor vehicle in violation of R.S.39:4-50, section 2 of P.L.1981, c.512 (C.39:4-50.4a), or a similar statute from any other jurisdiction, in connection with an accident, shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of the accident.

. . . .

[N.J.S.A. 39:6A-4(a), (b).]

Additionally, N.J.S.A 39:6B-1(a) mandates New Jersey auto insurance for

all residents whose vehicles are principally garaged within the State:

Every owner or registered owner of a motor vehicle registered or principally garaged in this State shall maintain motor vehicle liability insurance coverage, under provisions approved by the Commissioner of Banking and Insurance, insuring against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of a motor vehicle . . . .

A resident who fails to obtain insurance is barred from economic or non-

economic recovery resulting from a motor vehicle accident while uninsured.

7

<u>See</u> N.J.S.A.39:6A-4.5(a).

Our State Legislature enacted the statute "[t]o reduce the cost of automobile insurance, protect victims of automobile accidents[,] and reduce public expenditures when accidents are caused by judgment-proof tortfeasors." <u>Perrelli v. Pastorelle</u>, 206 N.J. 193, 201 (2011) (citing <u>Caviglia v. Royal Tours of Am.</u>, 178 N.J. 460, 466 (2004)).

"The Legislature reasoned that N.J.S.A. 39:6A-4.5(a) would 'produce greater compliance with compulsory insurance laws and, in turn, reduce litigation, and result in savings to insurance carriers and ultimately the consuming public' by reduced premiums." <u>Id.</u> at 203 (quoting <u>Caviglia</u>, 178 N.J. at 477). "Thus, the Legislature wanted to ensure that 'an injured, uninsured driver does not draw on the pool of accident-victim insurance funds to which he [or she] did not contribute.'" <u>Ibid.</u> (alteration in original) (quoting <u>Caviglia</u>, 178 N.J. at 471).

"As a result, N.J.S.A. 39:6A-4.5(a) provides 'a very powerful incentive to comply with [the requirements of] the compulsory insurance laws . . . or lose the right to maintain a suit for both economic and noneconomic damages.'" <u>Ibid.</u> (alterations in original) (quoting <u>Caviglia</u>, 178 N.J. at 471).

The facts presented to the trial judge at the time the motion was decided

A-2264-24

reflected plaintiff was a New Jersey resident and his car was principally garaged within the State. There was no dispute plaintiff resided in Marlton for forty-two years and maintained a New Jersey driver's license. In response to interrogatories, plaintiff indicated his permanent residence was in New Jersey. Under oath at his deposition, plaintiff testified he visited his Florida residence on a seasonal basis and that New Jersey remained his primary residence.

Plaintiff did not present any contrary evidence before the trial judge to suggest his car was garaged in Florida other than that he maintained Florida registration and insurance. However, those two indices do not lead to a reasonable inference that plaintiff's car was principally garaged in Florida. Viewing the facts and reasonable inferences in a light most favorable to plaintiff, we are satisfied the trial judge correctly applied the governing standard in finding plaintiff was a New Jersey resident and his car was principally garaged in the State.

Because plaintiff did not possess a New Jersey auto-insurance policy, the trial judge did not err in concluding he was in violation of N.J.S.A.39:6A-4.5(a) and, thus, not permitted recovery for any losses potentially sustained from the accident. A reasonable jury could not have found for plaintiff because, as a legal matter, the statutory scheme clearly bars recovery for someone in plaintiff's

position.  See Brill, 142 N.J. at 523; Triffin v. Somerset Valley Bank, 343 N.J. Super. 73, 87 (App. Div. 2001) ("Bare conclusions in the pleadings, without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment.") (quoting United States Pipe and Foundry Co. v. Am. Arb. Ass'n, 67 N.J. Super. 384, 399-400 (App. Div. 1961)).  In other words, because plaintiff was a New Jersey resident whose car was principally garaged in the state but lacked New Jersey auto insurance and, thus, did not contribute to the "pool of accident-victim insurance funds," Pastorelle, 206 N.J. at 193, he was not entitled to recover damages.  Accordingly, we affirm the February 28 order granting defendants' summary-judgment motion.

Motion for Reconsideration

Rule 4:49-2 governs motions for reconsideration, allowing alteration to or amendment of a final judgment.  "A motion for reconsideration is meant to 'seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record.'" Triffin v. SHS Grp., LLC, 466 N.J. Super. 460, 466 (App. Div. 2021) (alteration in original) (quoting Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008)).

Reconsideration should be granted only in "those cases which fall into that

10

narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence . . . . " Ibid. (alterations in original) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). "[T]he magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Id. at 466-67 (quoting Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010)). Mere dissatisfaction with a court's decision is insufficient to warrant reconsideration. Asterbadi, 398 N.J. Super. at 310. Reconsideration cannot be used to expand the record and reargue a motion. Ibid.

We review a denial of a motion for reconsideration for abuse of discretion. Bahr, 295 N.J. Super. at 389. Our courts "will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." State v. Robinson, 200 N.J. 1, 20 (2009). See also Van Itallie v. Franklin Lakes, 28 N.J. 258, 275 (1958) ("In the absence of a compelling reason[,] an appellate court will not consider evidence which was available but not presented to the court below.") (citing Morin v. Becker, 6 N.J. 457, 460 (1951)). Plaintiff offered

no compelling reason why he was unable to present the certification in connection with the underlying motion.  See ibid.

In support of his motion for reconsideration, plaintiff presented the certification attesting his car was garaged more often in Florida than New Jersey, in an effort to interject as a genuine disputed fact the question of where the car was "principally garaged" under N.J.S.A. 39:6A-4.5(a).  However, as the trial judge ruled, submission of this certification was procedurally inappropriate.  Plaintiff may not use this motion "as a vehicle to introduce new evidence."  Triffin, 466 N.J. Super. at 466.  Plaintiff may also not use reconsideration to expand the record and reargue the summary-judgment motion.  Asterbadi, 398 N.J. Super. at 310.  The judge aptly found plaintiff could have provided this evidence in his opposition to defendant's summary-judgment motion and that plaintiff could not later seek to cure his evidentiary shortcomings in a reconsideration motion.

Because there was no genuine dispute of material fact, defendants were entitled to judgment as a matter of law.  The trial judge properly granted defendants' summary-judgment motion and properly denied plaintiff's reconsideration motion.  Accordingly, we affirm the March 28 order denying the motion.

Attorney's Fees

Rule 1:4-8 authorizes sanctions for frivolous litigation. "[W]here an attorney [] filed a pleading or a motion with an improper purpose . . . or by asserting a claim or defense that lacks the legal or evidential support required by Rule 1:4-8(a)(2), (3) and (4)," a court may award the opposing party attorney's fees. Bove v. AkPharma Inc., 460 N.J. Super. 123, 148 (App. Div. 2019) (internal quotation marks omitted) (first quoting R. 1:4-8(a)(1) and then citing State v. Franklin Sav. Account No. 2067, 389 N.J. Super. 272, 281 (App. Div. 2006)).

"An assertion is deemed frivolous when 'no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'" First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007) (quoting Fagas v. Scott, 251 N.J. Super. 169, 190 (Law Div. 1991)). "Where a party has [a] reasonable and good faith belief in the merit of the cause, attorney's fees will not be awarded." Ibid. (internal citations omitted). Rule 1:4-8 has been strictly construed, and "'the term "frivolous" should be given a restrictive interpretation' to avoid limiting access to the court system." Id. at 433 (quoting McKeown Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 561-62 (1993)). We review an appellate court's denial

of a motion for attorney's fees for abuse of discretion. <u>J.O. v. Twp. of Bedminster</u>, 433 N.J. Super. 199, 221 (App. Div. 2013).

We are satisfied the trial court did not err in denying plaintiff's motion for attorney fees. Plaintiff did not present any evidence to demonstrate defendants' summary-judgment motion was frivolous. <u>See</u> <u>Perez</u>, 391 N.J. Super. at 432. As the judge noted, defendants' motion "certainly [wa]s not frivolous," particularly considering defendants prevailed.

Any remaining arguments not addressed lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2264-24